UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD C. GREENLAND,

                              Plaintiff,

                -against-

UNITED STATES OF AMERICA; THE
WESTCHESTER CORRECTIONAL
CENTER,

                              Defendants.

22-CV-4974 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Attica Correctional Facility, brings this *pro se* action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. By order dated June 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court now dismisses the complaint, but directs the Clerk of Court not to enter judgment for 30 days.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Ronald Greenland alleges the following facts. On January 17, 2017, Plaintiff was detained in Westchester Correctional Center. He had a meeting with his attorney, "Mrs. Brody," that day, and thereafter was scheduled to appear in his pending criminal matter before Judge Karas in the United States District Court for the Southern District of New York.[2]

Before Plaintiff entered the interview room at Westchester Correctional Center to meet his attorney, a deputy from the United States Marshals Service placed Plaintiff in restraints on his hands and feet. The deputy then escorted Plaintiff to a barstool where he was seated during the interview. After the interview, Mrs. Brody called for the Marshals Service. A deputy arrived and directed Plaintiff to stand up and turn around. Plaintiff attempted to comply but the restraints on his legs were tangled with the legs of the barstool. Plaintiff fell and was unable to break his fall because he was still in restraints.

The deputy left Plaintiff in a holding cell, but Plaintiff was in excruciating pain. Another detainee alerted the Marshals Service of Plaintiff's distress and, approximately 45 minutes later, Plaintiff was taken to White Plains Hospital. (ECF 2 at 3.) At the hospital, Plaintiff was prescribed Motrin, provided a sling, and referred for follow-up treatment (X-rays, physical therapy). (*Id.* at 5.) As of the writing of the complaint, Plaintiff is still being treated for these injuries, and he describes himself as being under the "Continuing Treatment Doctrine." (*Id.*)

---

[2] Plaintiff was the defendant in *United States v. Greenland*, No. 17-CR-0065 (KMK) (S.D.N.Y.).

On October 28, 2018, about 20 months after he was injured, Plaintiff requested an administrative claim form from the United States Department of Justice (DOJ). (*Id.* at 3.) Plaintiff alleges that it has been "a slow piecemeal to receive documents" and that he has been "in continual contact" with certain individuals from the DOJ since that initial request. (*Id.*)

Plaintiff brings this action against the Westchester Correctional Center and the United States, invoking the FTCA. Plaintiff seeks unspecified damages.

## DISCUSSION

A.   **Westchester Correctional Center**

Plaintiff's claims against the Westchester Correctional Center must be dismissed because, under New York law, county agencies or departments do not have the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Instead, claims against the Westchester Correctional Center must be brought against the County of Westchester. When a plaintiff sues a municipality such as Westchester County under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal

3

policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff alleges that he was detained at Westchester Correctional Center when his injury from the restraints occurred but does not plead any facts showing that any policy or custom of Westchester County caused a violation of his rights. Plaintiff's complaint gives no indication that he is asserting any wrongdoing on the part of the Westchester Correctional Center or Westchester County.  It therefore appears that it would be futile to grant Plaintiff leave to amend in order to substitute Westchester County. The Court therefore dismisses, without leave to amend, Plaintiff's claim against Westchester Correctional Center on the ground that this entity lacks the capacity to be sued.

**B.     Federal Tort Claims Act**

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *See Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). "The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). Thus, "[t]he proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

4

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain the claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, must specify the amount of damages sought, and must be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a).

A claimant may challenge the agency's final denial in a federal district court by filing an action within six months of the federal agency's mailing of the notice of denial. *See* § 2401(b). If no written final determination is made by the federal entity within six months of the claimant's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a).

This exhaustion requirement is jurisdictional and cannot be waived. S*ee Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) (holding that a "claimant can only initiate his or her lawsuit once the claim has been denied by the agency or if the agency has failed to make a decision within six months after the claim was filed."); *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system."). By contrast, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *Kwai Fun Wong,* 575 U.S. at 420.

Here, Plaintiff alleges that he requested an administrative claim form from the Department of Justice (DOJ) on October 24, 2018, nearly four years ago. (ECF 2 at 3.) He alleges that it has been "a slow piecemeal process to receive documents" and that he has been "in continual contact" with certain individuals from the DOJ since that initial request. (*Id.*) Plaintiff does not allege, however, that he completed the form and filed an administrative claim, or that he received a denial of his claim from the agency.

Plaintiff's allegations do not demonstrate that, before bringing this action, he had filed an administrative claim under the FTCA and received a final written determination from the federal agency. He also fails to allege facts showing that it has been more than six months since he filed an administrative claim. Accordingly, the Court dismisses Plaintiff's FTCA claim under the doctrine of sovereign immunity.

C.   **Leave to Replead**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, it appears that granting leave to amend would be futile because the requirement that administrative remedies be exhausted *before* bringing suit is not satisfied by a plaintiff's receipt of a federal agency's rejection of a claim after commencement of suit. *McNeil*, 508 U.S. 106.

The Court will hold this matter open on the docket for 30 days. If, before filing this action, Plaintiff did file his administrative claim, and either (1) received a final, written agency decision, or (2) the agency failed to respond within six months after receipt of Plaintiff's administrative claim, Plaintiff may submit an amended complaint pleading such facts.

6

## CONCLUSION

The Court dismisses Plaintiff's claim under 42 U.S.C. § 1983 against Westchester Correctional Center on the ground that this entity lacks the capacity to be sued. The Court dismisses Plaintiff's FTCA claim against the United States based on sovereign immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed not to enter judgment and to hold this matter open on the docket for 30 days in order to provide Plaintiff an opportunity to file an amended complaint as set forth herein. If Plaintiff wishes to file an amended complaint, he must submit it to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4974 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff does not file an amended complaint within the time allowed, the Court will enter judgment as set forth herein.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____
_____
_____
_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name　　　　　　　Middle Initial　　　　　Last Name

_____

Street Address

_____

County, City　　　　　　　　　　　　　State　　　　　　　Zip Code

_____

Telephone Number　　　　　　　　　　Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

Defendant 2: _____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

Defendant 3: _____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

Defendant 4:

    First Name            Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City            State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____   _____
Dated                                           Plaintiff's Signature

_____   _____   _____
First Name           Middle Initial        Last Name

_____
Street Address

_____   _____   _____
County, City          State                    Zip Code

_____   _____
Telephone Number              Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7