UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD C. GREENLAND,

                Plaintiff,

        v.

UNITED STATES OF AMERICA,

                Defendants.

No. 22-CV-04974 (KMK)

<u>ORDER</u>

---

KENNETH M. KARAS, United States District Judge:

Ronald Greenland ("Plaintiff"), who is currently incarcerated at Eastern Correctional Facility, brings this Action pro se under the Federal Tort Claims Act (FTCA) against the United States and Westchester Correctional Center, arguing he was injured while in the custody of the United States Marshals Service. (*See* Compl. (Dkt. No. 1).) Plaintiff was allowed to proceed in forma pauperis. (*See* Order Granting IFP Appl. (Dkt. No. 5).) Chief Judge Swain dismissed Plaintiff's Complaint without prejudice, finding he could not sue Westchester Correctional Center under New York law, and he could not sue the United States under the FTCA without satisfying the FTCA's procedural requirements. (*See* Order of Dismissal (Dkt. No. 6)). The case was then transferred to this Court. Plaintiff amended his Complaint to remove Westchester Correctional Center and add additional facts, (*see* Am. Compl. ("AC") (Dkt. No. 7)), but this Court found the Amended Complaint still did not allege Plaintiff met the FTCA's requirements and ordered Plaintiff to show cause why this case should not be dismissed, (*see* Order to Show Cause (Dkt. No. 9)). Plaintiff amended his Complaint again. (*See* 2d Am. Compl. ("2AC")

(Dkt. No. 11).).  But because the Second Amended Complaint still does not show Plaintiff met the FTCA's requirements, this Court must dismiss this case.[1]

The FTCA waives the United States's sovereign immunity for certain tort claims against federal officers or employees, but Congress imposed procedural requirements for those claims. One is that a tort claim will "be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  "A claim under the [FTCA] accrues on the date that a plaintiff discovers that he has been injured," but "where plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted . . . accrual may be postponed until the plaintiff has or with reasonable discovery should have discovered the critical facts of both his injury and its cause." *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 177 (2d Cir. 2008) (internal citations and quotation marks omitted).

Here, Plaintiff's injury occurred on January 17, 2017, when, while in custody of the United States Marshals Service, Plaintiff "was directed to stand and turn around" while restrained, allegedly causing him "to fall without the benefit" of bracing himself while his "hand[s] and feet were restrained in an unsafe manner."  (AC 2.)[2]  But Plaintiff's claim was not presented to the Department of Justice (who then presented it to the United States Marshals Service) until February 2019, more than two years after the date of the injury—i.e., more than two years from when his claim accrued.  (2AC Ex. 1).  Accordingly, this Court found Plaintiff's

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he Court shall dismiss [a] case [proceeding *in forma pauperis*] at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]").

[2] While Plaintiff submitted a Second Amended Complaint, certain facts must be drawn from his First Amended Complaint because the Second Amended Complaint incorporates the First by reference.  (*See* 2AC 1 ("[A]ll parties are familiar with the facts of this case and the proceedings previously had herein.").)  *See Rimini v. J.P. Morgan Chase & Co.*, No. 22-CV-7768, 2024 WL 4354875, at *4 n.4 (S.D.N.Y. Sept. 30, 2024) ("Because Rimini contends that his Amended Complaint incorporates the Initial Complaint by reference, the Court relies on both pleadings for purposes of this Opinion and Order." (citation omitted)).

claim untimely, *see* 28 U.S.C. § 2401(b); *Millares Guiraldes de Tineo v. United States*, 137 F.3d

715, 720 (2d Cir. 1998) (holding plaintiffs' "claims did not meet the time limitation imposed by

the FTCA" when they were filed "more than two years after the claims' accrual"), and Plaintiff's

pleadings did not justify "equitable tolling," a "doctrine that permits courts to extend a statute of

limitations on a case-by-case basis to prevent inequity" and applies to the FTCA, *Doe v. United

States*, 76 F.4th 64, 71 (2d Cir. 2023).  (*See* Order to Show Cause 3 (Dkt. No. 9).)

Plaintiff argues his claim accrued 18 months after the injury, when a physician diagnosed

him with "[t]endonitis" and "other [m]edical injuries."  2AC 2.  But learning the *extent* of an

injury does not change a claim's accrual—otherwise, statutes of limitations "would begin to run

only after a plaintiff became satisfied that he had been harmed enough, placing the supposed

statute of repose in the sole hands of the party seeking relief."  *Wallace v. Kato*, 549 U.S. 384,

391 (2007) ("The cause of action accrues even though the full extent of the injury is not then

known or predictable."); *see also Hardie v. United States*, 501 F. Supp. 3d 152, 158 n.2

(E.D.N.Y. 2020) ("A FTCA claim accrues at the time the injury or harm is inflicted, or when the

plaintiff knows both the existence and cause of his injury." (internal citations and quotation

marks omitted)); *K.E.S. v. United States*, 38 F.3d 1027, 1030 (8th Cir. 1994) ("Misapprehension

of the seriousness or permanency of an injury does not toll the statute of limitations under the

FTCA.").  So this argument does not preserve his claim.  Plaintiff also contends the "limitations

period does not start running if [he] could not reasonably have discovered the link between the

injury and the act producing it."  (2AC 2–3).  But his new Complaint does not allege his

physician's appointment led him to discover that the January 17, 2017 incident caused an

injury—rather, on the facts alleged in the Amended Complaint, (*see supra* note 2), that was or

should have been clear to Plaintiff the day he suffered his fall, less than an hour after which he

was taken to a hospital.  (*See* AC 2–3.)  *See Syms v. Olin Corp.*, 408 F.3d 95 (2d Cir. 2005) (holding FTCA claims accrue "either at the time of the injury or when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the facts giving rise to the cause of the action"); *Kronisch v. United States*, 150 F.3d 112, 122 (2d Cir. 1998) (holding an FTCA claim was untimely where the plaintiff "was aware of the basic facts of his injury and its cause more than two years before filing his administrative claim").  Accordingly, Plaintiff still does not show he satisfied the FTCA's timeliness requirement.

Finally, Plaintiff's new submissions do not explain why his case merits equitable tolling. As this Court previously noted, Plaintiff alleged he first requested a form to file his claim in October 2018—three months before the deadline, as Plaintiff correctly notes in his latest filing, but over 20 months after the injury, contributing to the late submission of the form.  (*See* Order to Show Cause 3 (Dkt. No. 9).)  Accordingly, this Court did not find the "extraordinary circumstances" that would justify equitable tolling.  (*Id.*)  And Plaintiff does not point this Court to any new circumstances he did not discuss in his previous submissions.

For the foregoing reasons, the Court dismisses Plaintiff's claims against the United States for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to enter judgment for Defendants, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:    October 29, 2025
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4